## E. B. TRABUE, ET AL. *v.* CITY OF OWENSBORO.

**Damages from Pest-House.**

The erection of pest-house for patients having contagious diseases is within the powers of a municipality, and a city cannot be liable for erecting and using such a house unless it does so in a manner unnecessarily calculated to endanger the spread of disease, or has erected it in an unsuited place or unreasonably near to habitations.

**Pest-House, Where Located.**

> A pest-house may legally be located at any place not so near to
> habitations as to give reasonable ground for apprehending that dis-
> ease may be communicated to those residing in the neighborhood,
> and before an action may be maintained to enjoin the city from its
> operation there must be actual and not merely fanciful injury.

APPEAL FROM DAVIESS CIRCUIT COURT.

January 7, 1879.

OPINION BY JUDGE COFER:

The appellants brought this suit against the city of Owensboro to
recover damages for the alleged wrongful and unlawful erection of
a pesthouse within 115 or 120 feet of their residence, and its use as
a hospital for persons afflicted with infectious and contagious
diseases. They did not allege that disease had been communicated
to themselves or any member of their family or inmate of their house
from the pesthouse or patients therein, or that there had been any
negligence in its management, or any other wrong except the build-
ing and use of the house, or that they had sustained any damage in
consequence except that it would be dangerous to live near to the
house, and that in consequence and through fear of contracting
some infectious or loathsome disease, and in order not to be in con-
tinual alarm, they were compelled to abandon their house and were
unable to sell or rent it for anything like its real value.

The erection of a pesthouse or hospital for patients suffering with
infectious or contagious diseases is a proper exercise of the ordinary
powers of a municipal corporation, and especially of one that, ac-
cording to the common custom of the country, may on account of its
population be denominated a city.

The city of Owensboro cannot, therefore, be liable to an action
for erecting and using such a hospital unless it has done so in a
manner unnecessarily calculated to endanger the spread of disease
from, or has erected it in an unsuited or improper place, or unreason-
ably near to habitations.

That it is so near to the appellants' residence that it is dangerous
for them to live in it is not sufficient. It should appear that the dan-
ger is imminent, and that it may reasonably be apprehended that
disease will be communicated from the hospital to persons occupying
the residence. The mere possibility of such a result is not suffi-

cient to subject the city to an action. Nor can the court say that the danger is imminent at the distance of 120 feet.

Unless the danger is such as reasonably to excite apprehension of danger of infection in the houses or on the premises of adjacent proprietors, the incidental injury resulting from apprehension of danger or aversion to the proximity of the hospital must be borne as one of the incidents of civilization. Such hospitals are necessary in a town or city of considerable population. They must be built somewhere within convenient reach of the body of population, and some must be nearer than others to their location. There must be a limit somewhere as to the distance from residences within which they may be built. To require that distance to be so great that there would be no danger, i. e., no possibility that disease could be communicated from the hospital, would be unreasonable and probably impracticable. The only rule, therefore, which can reasonably be adopted, is to say that they may be lawfully located at any place not so near to habitations as to give reasonable ground for apprehending that disease may be communicated to a neighboring residence.

The rule applied in cases of railroads and other public works that mere annoyance from noise or smoke, or danger from fire, must be borne by the owners of adjacent property, applies to a case like this so far as a mere vague or unreasonable apprehension of danger, or aversion to the neighborhood of a hospital, are concerned. But when it is so near as to create a well-founded apprehension, then there is an actual and not merely imaginary or fanciful injury, and reason and natural justice demand that the owner of property thus injured should be compensated.

But the allegations of the petition did not bring the case within the rule indicated, and the demurrer was properly sustained. The hospital does not appear to be near to any other dwelling, and no general objection to its location seems to exist, and it does not therefore appear that the doctrine applicable to public nuisances has any application to this case.

But even though it was a public nuisance it does not necessarily follow that the appellants might not have recovered if they had shown themselves within the principles we have announced. One who suffers a peculiar injury not common to all affected by such a nuisance may recover for such injury.

Judgment *affirmed.*

*John H. McHenry, for appellants. W. N. Sweeney, for appellee.*